IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

ARIANNA L. MERCADO-REYES,

    **Plaintiff**,

           **v.**

VAZQUEZ HOME CARE, CRL; MARGA
MANAGEMENT, LLC; ABC INSURANCE
CO.; JOHN DOE CORP.,

    **Defendants.**

**Civil No.** 16-1657 (FAB)

**MEMORANDUM AND ORDER**

BESOSA, District Judge

    Before the Court is defendant Vazquez Home Care, CRL ("VHC")'s motion to dismiss plaintiff Arianna Mercado-Reyes ("Mercado")'s amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(1). (Docket No. 36.) Plaintiff opposed the motion, Docket No. 61, and defendant replied, Docket No. 65. For the reasons set forth below, defendant's motion is **DENIED**.

**I.    STANDARD OF REVIEW**

    Rule 12(b)(1) permits a court to dismiss a complaint when the Court's subject-matter jurisdiction is not properly alleged. Fed. R. Civ. P. 12(b)(1). The standard applied to a Rule 12(b)(1) motion is similar to that of a Rule 12(b)(6) motion because the Court accepts the complaint's well-pled facts as true and views them —and the inferences drawn from them— in the light most

favorable to the pleader.  See Viqueria v. First Bank, 140 F.3d 14, 20 (1st Cir. 1998); see also Soto v. McHugh, 158 F.Supp.3d 34, 45-46 (D.P.R. 2016) (Gelpi, J.).  Thus, a "district court must construe the complaint liberally." Aversa v. United States, 99 F.3d 1200, 1210 (1st Cir. 1996).

## II.  FACTUAL ALLEGATIONS IN THE AMENDED COMPLAINT

The Court takes the following facts as true, as pled in plaintiff's amended complaint.

On September 24, 2014, Mercado began working for City of Angels Home[1] in Bayamon, Puerto Rico.  (Docket No. 32 at p. 4.) Her duties included assisting the elderly with their medications, baths, food, and performing other chores.  Id.  Mercado informed the then-director of the home that she was pregnant.  Id. at 5. Later, Marga Management, LLC ("Marga") began operating the home and continued to employ Mercado.  Id. at 5.  After Marga, VHC began operating the home.  Id.

Casiano-Torres ("Casiano") acquired the administration of the nursing home on September 9, 2015.  Id.  That day, he informed the employees that pregnant employees should be assigned to easier shifts.  Id. at 6.  Two days later, however, Casiano held a meeting where he notified the employees of changes in the operation of the

---

[1] Angel Casiano-Torres was the home's first owner. (Docket No. 32 at p. 3.)

home.  Id.  Supervisor Linda Bermudez ("Bermudez") assigned Mercado "the graveyard shift"[2] and Mercado's schedule was shortened.  Id. at p. 6.

On September 21, 2015, Bermudez called Mercado and informed her that Bermudez, Casiano, the president of VHC, Katty Vazquez-Otero ("Vazquez"), and another supervisor, Lizbeth Figueroa, held a meeting, during which they decided that they did not want to have pregnant women working in the home.  Id. at 7-8.  They informed Mercado that she should not return to work until after her baby was born.  Id.

**III. DISCUSSION**

**A.   Whether VHC Constitutes as "Employer" Under Title VII**

VHC first asks the Court to grant its motion to dismiss on all claims because it should not be considered an employer pursuant to Title VII because it had less than fifteen employees during the statutory period before and after the alleged discrimination took place.  (Docket No. 36-1 at p. 1.)  To support this contention, Vazquez provides the Court with a personal declaration under penalty of perjury alleging that it "never had employment relation with [fifteen] or more individuals for each working day in [twenty] or more weeks during a particular year."

---

[2] The graveyard shift (10:00 p.m. to 2:00 a.m.) consists of giving patients baths and doing laundry.  (Docket No. 32 at p. 7.)

Civil No. 16-1657 (FAB)                                              4

(Docket No. 36-2 at p. 1.)  Plaintiff argues that VHC did have fifteen or more employees at the time of discrimination.  (Docket No. 61.)

Generally, Title VII of the Civil Rights Act of 1964 prohibits discrimination against employees "because of such individual's race, color, religion, sex, or natural origin." 42 U.S.C. § 2000e(b)-2.  Title VII only applies to an employer, which the statute defines as "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year."  42 U.S.C. § 2000e(b).  Title VII defines an employee as "an individual employed by an employer." 42 U.S.C. § 2000e(f).  The Supreme Court has addressed the circular definition of employee in federal anti-discrimination laws in several cases, creating a standard to determine who is considered an employee pursuant to Title VII.  See Nationwide Mut. Ins. Co. v. Darden, 503 U.S. 318, 321, 112 S. Ct. 1344, 1347, 117 L.Ed. 2d 581 (U.S. 1992); Walters v. Metro. Edu. Enter., Inc., 519 U.S. 202, 204, 117 S.Ct. 660, 136 L.Ed.2d (1997).

To be considered an employee, there must be an employment relationship with that individual at that time, regardless of whether or not that individual worked on the day in question. Walters, 519 U.S. 202, 204, 117 S.Ct. 660, 136 L.Ed.2d (1997).

The First Circuit Court of Appeals has stated that the fifteen "employee question will frequently, but not necessarily, be addressed in two parts: application of the 'payroll method,' followed by application of traditional agency law principles for defining employer and employee, if the individual is on the payroll." De Jesus v. LTT Card Serv., Inc., 474 F.3d 16, 21 (1st Cir. 2007). According to the documents Mercado submitted, VHC had fifteen or more employees on its payroll and Mercado's name was also on the payroll. (Docket Nos. 61-4 and 61-8.) VHC, therefore, constitutes as employer pursuant to Title VII.

**B. Successorship**

In her opposition, Docket No. 61, Mercado contends that VHC is a successor employer, and therefore satisfies the "twenty or more calendar weeks in the current or preceding calendar year" employer requirement in Title VII. 42 U.S.C. §2000e(b). VHC disagrees. (Docket No. 65.)

A successor employer is an employer who succeeds another in the business ownership. See Rodriguez v. Executive Airlines, Inc., 180 F.Supp.3d 130, 137 (D.P.R. 2016) (Delgado-Hernandez, J.). The Supreme Court of Puerto Rico has defined a successor employer pursuant the National Labor Retaliations act. Id. at 135. To make the determination, the court examines the following elements:

>   (1) Whether there is a substantial continuity of the same business activity with the same name involving production of the same products or rendering of the same services; (2) Use of the same facility for the operations; (3) Use of the same machinery and equipment; (4) Maintenance of the same managerial and supervisory personnel; (5) Employment of the same or substantially the same workforce; (6) Continued operation of the business during the transition period; and (7) The predecessor's ability to provide remedy to the prevailing plaintiff.

Id.

Here, VHC continued to use the previous employer's name "City of Angels." VHC continued the same operations of the nursing home, used the same facility, equipment and machinery. VHC also maintained previous personnel and employees, including Mercado, and even had the same patients. Furthermore, the nursing home continued to operate in the transition period, and the predecessor employer would have the ability to provide Mercado with a remedy given the same circumstances. Accordingly, the court finds that VHC is a successor employer.

Because VHC was a successor employer and had fifteen or more employees, it qualifies as an employer pursuant to Title VII. The Court, therefore, does not lack jurisdiction over the subject matter of this suit.

**IV. Conclusion**

For the reasons discussed above, VHC's motion to dismiss the amended complaint pursuant to Rule 12(b)(1), Docket No. 36, is **DENIED**.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, June 5, 2017.

s/ Francisco A. Besosa
FRANCISCO A. BESOSA
UNITED STATES DISTRICT JUDGE
