IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

ARIANNA L. MERCADO-REYES,

    **Plaintiff,**

        **v.**　　　　　　　　　　**Civil No.** 16-1657 (FAB)

CITY OF ANGELS, INC., *et al.*,

    **Defendants.**

**MEMORANDUM AND ORDER**

BESOSA, District Judge.

    Before the Court is defendant Vazquez Home Care, CRL ("VHC")'s motion for summary judgment filed pursuant to Federal Rule of Civil Procedure 56 ("Rule 56"). (Docket No. 71.) Plaintiff Arianna L. Mercado-Reyes ("Mercado") opposed VHC's motion. (Docket No. 77.) For the reasons set forth below, the Court **DENIES** VHC's motion without prejudice.

**I.　Procedural History**

    On December 1, 2016, Mercado filed this anti-discrimination action for damages and equitable relief pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended by the provisions of the Pregnancy Discrimination Act. See Docket No. 1 at p. 1 (citing 42 U.S.C.A § 2000(e)). Mercado alleged that VHC "discriminated, singled out, punished and admonished plaintiff

solely on account of the fact that she is a woman and became pregnant during her work tenure." (Docket No. 32.)

On October 7, 2017, VHC filed a motion for summary judgment to dismiss Mercado's complaint. (Docket No. 71.) VHC argues that "Mercado does not establish a *Prima Facie* case of discrimination since she did not suffer an adverse employment action in the workplace and was not substituted after she ceased working with VHC." Id. at p. 2. VHC further contends that Mercado cannot establish discrimination because "she admits that she has no evidence of discriminatory animus, the commentaries she alleges were addressed to her were not discriminatory in nature and . . . the persons who [sic] Mercado alleged made these comments were not decision makers in VHC." Id. VHC requests that the Court dismiss the case because "there are no material issues of fact" and Mercado "presents no evidence of a discriminatory animus." Id.

## II. Jurisdiction

The Court has jurisdiction over this civil action pursuant to 28 U.S.C. section 1331 because Mercado seeks relief pursuant to Title VII, as amended in 42 U.S.C.A. section 2000(e).

## III. Discussion

### A.  Standard of Review

A court will grant summary judgment if "there is no genuine dispute as to any material fact and the movant is entitled

to judgment as a matter of law." Fed.R.Civ.P. 56(a).  "A dispute is genuine if the evidence about the fact is such that a reasonable jury could resolve the point in the favor of the non-moving party. A fact is material if it has the potential of determining the outcome of the litigation." Dunn v. Trs. of Bos. Univ., 761 F.3d 63, 68 (1st Cir. 2014) (internal citation omitted).

The role of summary judgment is to "pierce the boilerplate of the pleadings and assay the parties' proof in order to determine whether trial is actually required." Tobin v. Fed. Exp. Corp., 775 F.3d 448, 450 (1st Cir. 2014) (internal citation omitted).  The party moving for summary judgment has the initial burden of "demonstrat[ing] the absence of a genuine issue of material fact" with definite and competent evidence. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Maldonado-Denis v. Castillo-Rodriguez, 23 F.3d 576, 581 (1st Cir. 1994).  The movant must identify "portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any'" which support its motion. Celotex, 477 U.S. at 323 (citing Fed. R. Civ. P. 56(c)).

Once a properly supported motion has been presented, the burden shifts to the nonmovant "to demonstrate that a trier of fact reasonably could find in [its] favor." Santiago-Ramos v. Centennial P.R. Wireless Corp., 217 F.3d 46, 52 (1st Cir. 2000)

(internal citation omitted). "When the nonmovant bears the burden of proof on a particular issue, [he or] she [or it] can thwart summary judgment only by identifying competent evidence in the record sufficient to create a jury question." Tobin, 775 F.3d at 450-51. A court draws all reasonable inferences from the record in the light most favorable to the nonmovant, but it disregards unsupported and conclusory allegations. McGrath v. Tavares, 757 F.3d 20, 25 (1st Cir. 2014).

Local Rule 56 governs the factual assertions made by both parties in the context of summary judgment. Loc. Rule 56; Hernandez v. Philip Morris USA, Inc., 486 F.3d 1, 7 (1st Cir. 2007). The Rule "relieve[s] the district court of any responsibility to ferret through the record to discern whether any material fact is genuinely in dispute." CMI Capital Market Inv. v. Gonzalez-Toro, 520 F.3d 58, 62 (1st Cir. 2008). According to the Rule, the movant must submit factual assertions in "a separate, short, and concise statement of material facts, set forth in numbered paragraphs," and "[e]ach fact asserted in the statement shall be supported by a record citation." Loc. Rule 56(b). In response, the nonmovant must "admit, deny, or qualify the facts supporting the motion for summary judgment by reference to each numbered paragraph of the moving party's statement of facts." Loc. Rule 56(c). The movant may reply and admit, deny, or qualify the

opponent's newly-stated facts in a separate statement and by reference to each numbered paragraph. Loc. Rule 56(d).

The Court "disregard[s] any statement of fact not supported by a specific citation to record material properly considered on summary judgment." Loc. Rule 56(e). While facts that are properly supported "shall be deemed admitted unless properly controverted," Loc. Rule 56(e); P.R. Am. Ins. Co., 603 F.3d 125, 130 (1st Cir. 2010), the First Circuit Court of Appeals has repeatedly "emphasized the importance of local rules similar to Local Rule 56 [of the District of Puerto Rico]," which "are designed to function as a means of 'focusing a district court's attention on what is—and what is not—genuinely controverted.'" Hernandez, 486 F.3d at 7 (internal citation omitted). "The court shall have no independent duty to search or consider any part of the record not specifically referenced in the parties' separate statement of facts." Loc. Rule 56(e).

### B. The Parties Fail to Follow Local Rule 56

Because both parties fail to follow Local Rule 56, the Court denies VHC's motion and need not address the merits of the case. See Docket Nos. 71 & 72. Although VHC submits a separate statement of uncontested facts in support of its motion, VHC does not offer specific evidence "*properly* considered on summary judgment" to support many of its facts. See Loc. Rule 56(e);

Docket No. 71, Ex. 1 at p. 3. VHC cites four of its fourteen facts to Mercado's deposition but fails to include the deposition as an exhibit to be considered with its motion. (Docket No. 71, Ex. 1 at p. 3.) Moreover, Mercado fails to submit any separate statement admitting, denying, or qualifying VHC's statement of facts or asserting new facts. See Loc. Rule 56(c). The Court thus **DENIES** VHC's motion without prejudice, and reserves judgment on the merits.

### IV. Conclusion

For the reasons set forth above, VHC's motion for summary judgment is **DENIED WITHOUT PREJUDICE**. (Docket No. 71.) The parties may file a proper motion for summary judgment in accordance with Local Rule 56 **no later than March 12, 2018**.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, February 26, 2018.

s/ Francisco A. Besosa
FRANCISCO A. BESOSA
UNITED STATES DISTRICT JUDGE