## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

ARIANNA L. MERCADO-REYES,

    **Plaintiff,**

        **v.**

CITY OF ANGELS, INC., *et al.*,

    **Defendants.**

**Civil No.** 16-1657 (FAB)

## OPINION AND ORDER

BESOSA, District Judge.

Before the Court is defendant Vázquez Home Care, CRL ("VHC")'s amended motion for summary judgment filed pursuant to Federal Rule of Civil Procedure 56 ("Rule 56"). (Docket Nos. 86 and 87.) Plaintiff Arianna L. Mercado-Reyes ("Mercado") opposed VHC's motion. (Docket No. 90.) For the reasons set forth below, the Court **DENIES** VHC's summary judgment motion (Docket Nos. 86 and 87.)

## I.    Background

On April 6, 2016, Mercado commenced this anti-discrimination action for damages and equitable relief pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended by the provisions of the Pregnancy Discrimination Act, 42 U.S.C. § 2000e, Puerto Rico Law 3 ("Law 3"), and Puerto Rico Law 100 ("Law 100"). (Docket No. 1 at p. 1 (citing 42 U.S.C. § 2000e; P.R. Laws Ann. tit. 29, §§ 146, 469); see also Docket No. 32.) Mercado alleged

that VHC "discriminated, singled out, punished and admonished plaintiff solely on account of the fact that she is a woman and became pregnant during her work tenure." (Docket No. 32 at p. 10.)

On February 28, 2018, VHC filed an amended motion for summary judgment to dismiss Mercado's complaint. (Docket Nos. 86 and 87.)[1] VHC argues that "Mercado does not establish a *Prima Facie* case of discrimination since she did not suffer an adverse employment action in the workplace and was not substituted after she ceased working with VHC." (Docket No. 87 at p. 2.) VHC further contends that Mercado cannot establish discrimination because "she admits that she has no evidence of discriminatory animus, the commentaries she alleges were addressed to her were not discriminatory in nature and . . . the persons who Mercado alleged made these comments were not decision makers in VHC." Id. VHC requests that the Court dismiss Mercado's claims because "there are no material issues of fact" and Mercado "presents no evidence of a discriminatory animus against her." Id.

## II. Jurisdiction

The Court has jurisdiction over this civil action pursuant to 28 U.S.C. § 1331 because Mercado seeks relief pursuant to Title

---

[1] Approximately five months before, VHC filed a motion for summary judgment to dismiss Mercado's complaint. (Docket No. 71.) On February 26, 2018, the Court denied the motion without prejudice "[b]ecause both parties fail[ed] to follow Local Rule 56." Mercado-Reyes v. City of Angels, Inc., 295 F. Supp. 3d 74, 77 (D.P.R. 2018) (Besosa, J.).

VII, as amended in 42 U.S.C. § 2000e. <u>See</u> 28 U.S.C. § 1331. The Court exercises supplemental jurisdiction over Mercado's Puerto Rico law claims pursuant to 28 U.S.C. § 1367(a). <u>See</u> 28 U.S.C. § 1367(a); <u>see also</u> <u>Carnegie-Mellon Univ. v. Cohill</u>, 484 U.S. 343, 350 (1988).

## III. Discussion

### A. Standard of Review

A court will grant summary judgment if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A dispute is genuine if the evidence about the fact is such that a reasonable jury could resolve the point in the favor of the non-moving party. A fact is material if it has the potential of determining the outcome of the litigation." <u>Dunn v. Trs. of Bos. Univ.</u>, 761 F.3d 63, 68 (1st Cir. 2014) (internal citation omitted).

The role of summary judgment is to "pierce the boilerplate of the pleadings and assay the parties' proof in order to determine whether trial is actually required." <u>Tobin v. Fed. Exp. Corp.</u>, 775 F.3d 448, 450 (1st Cir. 2014) (internal citation omitted). The party moving for summary judgment has the initial burden of "demonstrat[ing] the absence of a genuine issue of material fact" with definite and competent evidence. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986); <u>Maldonado-Denis v. Castillo-</u>

Rodríguez, 23 F.3d 576, 581 (1st Cir. 1994).  The movant must
identify "portions of 'the pleadings, depositions, answers to
interrogatories, and admissions on file, together with the
affidavits, if any'" which support its motion.  Celotex, 477 U.S.
at 323 (citing Fed. R. Civ. P. 56(c)).

Once a properly supported motion has been presented, the
burden shifts to the nonmovant "to demonstrate that a trier of
fact reasonably could find in [its] favor."  Santiago-Ramos v.
Centennial P.R. Wireless Corp., 217 F.3d 46, 52 (1st Cir. 2000)
(internal citation omitted).  "When the nonmovant bears the burden
of proof on a particular issue, [he or] she [or it] can thwart
summary judgment only by identifying competent evidence in the
record sufficient to create a jury question."  Tobin, 775 F.3d at
450-51.  A court draws all reasonable inferences from the record
in the light most favorable to the nonmovant, but it disregards
unsupported and conclusory allegations.  McGrath v. Tavares, 757
F.3d 20, 25 (1st Cir. 2014).

Local Rule 56 governs the factual assertions made by
both parties in the context of summary judgment.  Loc. Rule 56;
Hernández v. Philip Morris USA, Inc., 486 F.3d 1, 7 (1st Cir.
2007).  The Rule "relieve[s] the district court of any
responsibility to ferret through the record to discern whether any
material fact is genuinely in dispute."  CMI Capital Market Inv.

v. González-Toro, 520 F.3d 58, 62 (1st Cir. 2008).  The movant

must submit factual assertions in "a separate, short, and concise

statement of material facts, set forth in numbered paragraphs."

Loc. Rule 56(b).  The nonmovant must "admit, deny, or qualify the

facts supporting the motion for summary judgment by reference to

each numbered paragraph of the moving party's statement of facts."

Loc. Rule 56(c).  The movant may reply and admit, deny, or qualify

the opponent's newly-stated facts in a separate statement and by

reference to each numbered paragraph.  Loc. Rule 56(d).  Facts

which are properly supported "shall be deemed admitted unless

properly controverted."  Loc. Rule 56(e); P.R. Am. Ins. Co. v.

Rivera-Vázquez, 603 F.3d 125, 130 (1st Cir. 2010).

At the summary judgment stage, a "party may object that

the material cited to support or dispute a fact cannot be presented

in a form that would be admissible in evidence."  Fed. R. Civ.

P. 56(c)(2).  The nonmovant is not required, however, to "produce

evidence in a form that would be admissible at trial in order to

avoid summary judgment."  Celotex, 477 U.S. at 324 (internal

quotation marks and citation omitted).  An objection to the

admissibility of evidence must "not [be] that the material 'has

not' been submitted in admissible form, but that it 'cannot' be."

S.E.C. v. Ramírez, 2018 WL 2021464, at *6 (D.P.R. Apr. 30, 2018)

(Delgado-Hernández, J.) (internal citations omitted).  The

objecting party must explain why the evidence could not be presented in an admissible form at trial. See Int'l Shipping Agency, Inc. v. Unión de Trabajadores de Muelles Loc. 1740, 2015 WL 5022794, at *3 (D.P.R. Aug. 21, 2018) (Carreño-Coll, Mag. J.) ("Because [the plaintiff] makes no argument that the defendants' evidence could not be authenticated, its objection should be denied."); see also González-Bermúdez v. Abbott Laboratories P.R. Inc., 214 F. Supp. 3d 130, 137 (D.P.R. 2016) (Pérez-Giménez, J.).

### B. Applicable Law

#### 1. Title VII

Title VII prohibits "discharge[ing] any individual . . . because of such individual's . . . sex." 42 U.S.C. § 2000e-2(a)(1). See Santiago-Ramos v. Centennial P.R. Wireless Corp., 217 F.3d 46, 53 (1st Cir. 2000). "Because of sex" includes "because of or on the basis of pregnancy, childbirth, or related medical conditions." Santiago-Ramos, 217 F.3d at 53 (quoting 42 U.S.C. § 2000e(k)). While "[a] Title VII sex discrimination claim may be proven with direct evidence of discrimination, such as 'an admission by the employer that it explicitly took actual or anticipated pregnancy into account in reaching an employment decision[,]' [s]uch 'smoking gun' evidence is rare." Id. (internal citations omitted). Sex discrimination may thus be proven through circumstantial evidence. Id.

Courts apply the three-step burden-shifting framework set forth in <u>McDonnell Douglas Corp. v. Green</u>, 411 U.S. 792 (1973), when considering sex discrimination claims. <u>See</u> <u>Santiago-Ramos</u>, 217 F.3d at 53; <u>see also</u> <u>St. Mary's Honor Ctr. v. Hicks</u>, 509 U.S. 502 (1993).

> An employee alleging sex discrimination must first establish a *prima facie* case by showing that: (1) [he or] she belonged to a protected class, (2) [he or] she performed [his or] her job satisfactorily, (3) [his or] her employer took an adverse employment decision against [him or] her, and (4) [his or] her employer continued to have [his or] her duties performed by a comparably qualified person.

<u>Santiago-Ramos</u>, 217 F.3d at 54. An employee's demonstration of a *prima facie* case creates a "rebuttable presumption that the employer unlawfully discriminated against the employee." <u>Id.</u> (internal quotation marks and citation omitted).

### 2. Law 3

Law 3 protects employees from pregnancy-related employment discrimination. <u>See</u> P.R. Ann. tit. 29, § 469; <u>Medina v. Adecco</u>, 561 F. Supp. 2d 162, 174 (D.P.R. 2008) (Gelpí, J.). "Courts analyze discrimination claims under Law [] 3 . . . like a Title VII discrimination cause of action." <u>Pagán-Alejandro v. P.R. ACDelco Serv. Ctr., Inc.</u>, 468 F. Supp. 2d 316, 328 (D.P.R. 2006) (Gelpí, J.) (internal citation omitted).

### 3.    Law 100

Law 100 bans employment discrimination on the basis of sex.  See P.R. Laws Ann. tit. 29, § 146; Cardona-Jiménez v. Bancomerico de P.R., 174 F.3d 36, 42 (1st Cir. 1999).  Pursuant to Law 100, an employee must establish three factors to satisfy his or her initial evidentiary burden before shifting the burden of persuasion and production to the employer.  See Morales v. Nationwide Ins. Co., 237 F. Supp. 2d 147, 152 (D.P.R. 2002) (Pérez-Giménez, J.) (internal citations omitted).  An employee must establish that "(1) he or she suffered an adverse employment action, (2) that the adverse employment action was unjustified (not for good cause), and (3) some basic fact substantiating the type of discrimination alleged."  Hoyos v. Telecorp. Commc'ns., Inc., 405 F. Supp. 2d 199, 206 (D.P.R. 2005) (Pieras, J.), aff'd, 488 F.3d 1 (1st Cir. 2007) (citing Morales, 237 F. Supp. 2d at 152) (alteration in original).

When an employee satisfies his or her initial evidentiary burden, Law 100's "statutory presumption against the employer is activated."  Id. at 153 (internal citations omitted). Law 100 sets forth the following presumption of employer liability:

> Any of the acts mentioned in the preceding sections shall be presumed to have been committed in violation of [section] 146 . . . of this title, whenever the same shall have been performed without good cause.  This presumption shall be of a controvertible character.

P.R. Laws Ann. tit. 29, § 148.  The "presumption" shifts the burden

of persuasion and production to the employer.  See Morales, 237 F.

Supp. 2d at 152 (citing Álvarez-Fonseca v. Pepsi Cola of P.R., 152

F.3d 17, 27 (1st Cir. 1998); Ibáñez v. Molinos de P.R., 14 P.R.

Offic. Trans. 61, 70 (P.R. 1983)).

### C.    VHC'S Motion for Summary Judgment

VHC's arguments are unpersuasive because a genuine issue

of material fact exists as to whether VHC took an adverse

employment action against Mercado on the basis of her sex or

pregnancy.  See Dunn, 761 F.3d at 68.  VHC argues that Mercado

"fails to establish that her employer took an adverse action

against her" because "Mercado was not terminated by VHC" but

rather, "[s]he abandoned voluntarily her job." (Docket No. 87 at

p. 5.)  Mercado, however, asserts that, "[a]t trial, [she] will

show that she . . . was told to leave and not return until she

gave birth to her baby." (Docket No. 90 at p. 5.)  Both parties

support their contentions with declarations under penalty of

perjury.  (Docket No. 86, Ex. 4 at p. 1; Docket No. 91, Ex. 1 at

pp. 2-3.)[2]  Whether VHC took an adverse employment action against

Mercado is critical to Mercado's federal and local claims.  See

_____

[2] VHC supports its contentions with a declaration under penalty of perjury
provided by VHC's president, Katty Vázquez Otero.  (Docket No. 86, Ex. 4 at
p. 1.)  Mercado cites to her own statement under penalty of perjury and
deposition under oath to support her assertions.  (Docket No. 91, Ex. 1 at pp.
2-3; Docket No. 91, Ex. 3 at p. 2; see also Docket No. 91, Ex. 3 at pp. 6-8.)

Santiago-Ramos, 217 F.3d at 54; Hoyos, 405 F. Supp. 2d at 206; see
also Pagán-Alejandro, 468 F. Supp. 2d at 328.  Evidence supporting
the alleged adverse employment action "is such that a reasonable
jury could resolve the point in the favor of the non-moving party"
and "has the potential of determining the outcome of the
litigation."  See Dunn, 761 F.3d at 68.  A reasonable jury could
find Mercado's testimony credible and determine that VHC
discharged her on the basis of her sex and pregnancy, violating
her rights pursuant to Title VII, Law 3, and Law 100.

        VHC's reply that Mercado's "affidavits must be stricken
from the record because they are unfounded, self-serving, and
conclusory declarations" and "thus insufficient and improper to
support [Mercado's] own statements" is unavailing at the summary
judgment stage.  (Docket No. 94 at p. 4; see S.E.C. v. Ramírez,
2018 WL 2021464, at *7.)  VHC maintains that the "[s]tatements of
Linda Bermudez, Angel Casiano and Sonia Maldonado [contained in
Mercado's affidavits] appear on their face to be hearsay."  (Docket
No. 94 at p. 3.)  VHC also contends that "statements in . . . the
Affidavit of Michelle Diaz appear not to be based in [sic] personal
knowledge" because Mercado "must—but has not—disclosed the basis
on which he [sic] has personal knowledge; which makes these facts
legally insufficient."  Id. at pp. 3-4.  The Court need not address
whether the evidence is inadmissible hearsay because "a district

court may consider hearsay evidence submitted in an inadmissible form at the summary judgment stage where the content of the evidence proffered could later be provided in an admissible form at trial." S.E.C. v. Ramírez, 2018 WL 2021464, at *7. Mercado is not required to submit evidence "in a form that would be admissible at trial in order to avoid summary judgment," and VHC fails to explain why Mercado's evidence could not be submitted in an admissible form at trial. See Celotex, 477 U.S. at 324 (internal quotation marks and citation omitted); S.E.C. v. Ramírez, 2018 WL 2021464, at *7.

Whether Mercado was discharged, and if so, whether the discharge was based on her sex or pregnancy, are genuine issues of material fact. See Santiago-Ramos, 217 F.3d at 54; Hoyos, 405 F. Supp. 2d at 206; see also Pagán-Alejandro, 468 F. Supp. 2d at 328. Accordingly, the Court **DENIES** VHC's motion for summary judgment (Docket Nos. 86 and 87.)

## IV.  Conclusion

For the reasons set forth above, VHC's motion for summary judgment is **DENIED**.  (Docket Nos. 86 and 87.)

**IT IS SO ORDERED.**

San Juan, Puerto Rico, June 26, 2018.

s/ Francisco A. Besosa
FRANCISCO A. BESOSA
UNITED STATES DISTRICT JUDGE